## POPOVICS v THE NEW YORK, CHICAGO AND ST LOUIS RAILROAD CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16157.   Decided March 31, 1938

J. R. and H. R. Snyder, Cleveland, for appellee.

Tolles, Hogsett & Ginn, Cleveland, for appellant N. Y., C. & St. L. Rd. Co.

Alfred Clum, Dir of Law, Cleveland, and Edward Blythin, Asst. Dir. of Law, Cleveland, for appellant City of Cleveland.

STEVENS, PJ, WASHBURN and DOYLE, JJ, (9th Dist) sitting.

## OPINION

By STEVENS, PJ.

In the trial court, Popovics recovered a judgment against both of the defendants in the sum of $750 for damages allegedly sustained through the flooding of the cellar of his home. This flooding was claimed to have been caused by the backing up of a sewer on East 87th Street in the city of Cleveland, Ohio. Appeal upon questions of law brings the judgment so recovered into this court for review.

The record discloses that the sewer on East 87th street was cut off from its previous junction with the Woodland avenue sewer; and, from a manhole placed in East 87th street, a cut-over to the sewer known as the Kingsbury Run sewer was made. This change was a part of a grade-crossing elimination program being then carried on by the defendants under a contract therefor.

The petition charges that the sewer on East 87th street was blocked by defendants, and as a result thereof sewage, filth and water was caused to flow into plaintiff's cellar, to his damage.

There is no evidence in the record of faulty or improper construction of the cut-over from the 87th street sewer to the new Kingsbury sewer, nor is there evidence of a lack of capacity in the Kingsbury Run sewer to adequately dispose of the 87th street sewage and drainage. There is, however, evidence that the sewer outlet from the manhole in 87th street to the Kingsbury Run sewer was blocked by a large bucket and that the flow of sewage and water was impeded thereby. That evidence is in no way controverted. It therefore appears that plaintiff's damage was directly caused by improper maintenance of said sewer, and the obligation to properly maintain said sewer was one which rested upon the city of Cleveland, and for which the defendant railroad company was in no way responsible.

It may be reasonably inferred from the evidence in the record that the blocked condition of said sewer had existed over a period of years, and that the city was properly chargeable with at least constructive notice thereof, if it did not have actual notice of the condition.

Under the circumstances here presented, there was no responsibility upon the part of the defendant railroad company to operate or maintain the sewer in question, and, accordingly, the judgment against the railroad company for damages arising by reason of improper maintenance of said sewer is clearly erroneous and must be reversed; and this court, proceeding to render the judgment which the trial court should have entered, orders that final judgment be entered in favor of the railroad company.

Since the operation and upkeep of sewers by a municipality is a proprietary and ministerial function, the city may be liable, and, under the evidence in this case, properly was held liable, for damages due to the negligence of the municipal authorities in connection with such operation and upkeep.

From our reading of the record, we are unanimously of the opinion that, as to amount, the verdict and judgment are manifestly against the weight of the evidence. Unless plaintiff consents to a remittitur reducing the amount of the judgment against the city of Cleveland to $400, that judgment will be reversed. If, however, plaintiff consents to such remittitur, the judgment against the city of Cleveland, as reduced, will be affirmed.

WASHBURN, J, and DOYLE, J. concur in judgment.